UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUALITY PRODUCTS INC,<br><br>                Plaintiff,<br><br>    v.<br><br>VERKA FOOD PRODUCTS LTD,<br><br>                Defendant. | CASE NO. C17-1418 MJP<br><br>ORDER ON MOTON TO AMEND ANSWER TO INCLUDE COUNTERCLAIM |

The above-entitled Court, having received and reviewed:

1. Defendant VFI's Motion to Amend Answer to Include Counterclaim (Dkt. No. 56),
2. Plaintiff Quality Products' Opposition to Defendant's Motion to Amend Answer to Include Counterclaim (Dkt. No. 58),
3. Defendant's Reply in Support of Defendant VFI's Motion to Amend Answer to Include Counterclaim (Dkt. No. 61),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

1    IT IS ORDERED that the motion is GRANTED. Defendants must file their amended
2 answer within seven days of the date of this order.

**Background**

The origins of this dispute date back to 2011, when Plaintiff sued Defendant Verka Food Products ("VFP") for trademark infringement and unfair competition. (<u>Quality Food Products, Inc. v. Verka Food Products Ltd., et al.</u>, Case No. 2:11-cv-0533MJP.) The matter was resolved through entry of a settlement agreement. (<u>Id.</u> at Dkt. No. 36.)

Later, Plaintiff came to believe that a new entity (Verka Food international, Ltd.; "VFI"), operated by the Defendants, was offering infringing products in violation of the settlement agreement and federal trademark law. On September 20, 2017, Plaintiff filed another lawsuit against the same parties, also naming VFI. (<u>Quality Food Products, Inc. v. Verka Food Products Ltd., et al.</u>, Case No. 2:17-cv-1418MJP; <u>see</u> Dkt. No. 1.)

Defendants now seek to file a counterclaim against Plaintiff for actions which occurred when representatives of Plaintiff contacted customers of VFI and demanded that these retailers cease selling VFI products with the trademarked VERKA designation. Defendants request leave of the Court to file an amended answer which includes a counterclaim for intentional interference with a business relationship. (Dkt. No. 57, Decl. of Franz, Ex. A at 22.)

**Discussion**

A party may amend its answer with leave of the court, which "should freely give leave when justice so requires." FRCP 15(a). The federal rules also indicate that the court may "permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." FRCP 13(e).

Plaintiff interposes two objections to the proposed amendment. First, it argues that the amendment is futile because it is contravened by the state's "litigation privilege." The Court does not agree.

The Washington "litigation privilege" provides absolute immunity for statements made by witnesses, parties or attorneys "in the course of a judicial proceeding." McNeal v. Allen, 95 Wn.2d 265, 267 (1980); Jeckle v. Crotty 120 Wn.App. 374, 386 (2004). Plaintiff seizes on language in the cases protecting acts or statements which are "pertinent or material to the relief sought" (Jeckle, id.) but it is lifting that description out of context – a review of the cases makes it clear that the privilege only extends to acts or statements related to ongoing litigation (in depositions, in pleadings, at trial, etc.). The communications alleged in the proposed counterclaim relate to (a) violations of the settlement agreement (which, by definition, is not an ongoing piece of litigation) and (b) an implication that the recipient vendors might be sued if they did not cease selling Defendants' Verka products. These kind of statements are not protected by the state's "litigation privilege."

Plaintiff also objects to the proposed amendment on grounds of the federal "Noerr-Pennington doctrine," a doctrine which provides immunity for acts done in the course of litigation or for "conduct incidental to the prosecution of" a lawsuit. Sosa v. DirecTV, Inc., 437 F.3d 923, 936-37 (9th Cir. 2006). Included within the protections of the doctrine are "prelitigation letters and notices that 'threaten legal action and mak[e] legal representations.'" Id. at 940.

The immunity of Noerr-Pennington can be penetrated by what is known as the "sham litigation" exception. The exception is defined in two parts:

> First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under Noerr, and an antitrust claim premised on the sham exception must fail[]. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of our definition of sham, the court should focus on whether the baseless lawsuit conceals "an attempt to interfere *directly* with the business relationships of a competitor…" through the "use [of] the governmental *process*—as opposed to the *outcome* of that process—as an anticompetitive weapon…"

Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60–61 (1993) (emphasis in original, footnote and citations omitted).

This is, frankly, a closer call. Requiring proof that litigation (or threatened litigation) is "objectively baseless" sets a very high bar, and it is far from clear at this point whether it is one which Defendants can hurdle. Despite vigorous arguments on both sides concerning the merits of the present lawsuit, it is the Court's finding that a ruling that this lawsuit is either "baseless" or at least colorably meritorious is premature. Such a finding awaits further development of the facts through discovery and elaboration of the legal arguments through dispositive motions practice.

On that basis, the Court will permit Defendants to amend their answer to include the proposed counterclaim. Defendants are directed to file their amended answer within seven days of the entry of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 13, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge