UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUALITY PRODUCTS INC,<br><br>                      Plaintiff,<br><br>    v.<br><br>VERKA FOOD PRODUCTS LTD, et al.,<br><br>                      Defendants. | CASE NO. C17-1418 MJP<br><br>ORDER ON DEFENDANTS' LCR 37 JOINT SUBMISSION: MOTION TO COMPEL |

The Court, having received and reviewed Defendants' LCR Joint Submission (Dkt. No. 78), all attached declarations and exhibits, and relevant portions of the record, issues the following ruling:

First of all, counsels' lack of cooperation is disappointing to the Court. From this point forward, local counsel must participate in all phone conferences and personally sign all pleadings to insure that the Local Rules are observed and the culture of collegiality of the Western District of Washington is maintained.

1        VFI INTERROGATORY #1: GRANTED

2        Plaintiff misunderstands its obligations. Deciding who is relevant is not the job of the

3 responding party and there are no "privacy" concerns that are legitimate in this context. The

4 request is GRANTED and Plaintiff must produce all persons with the requested information

5 within seven days of this order. Any witness not produced will not be permitted to testify except

6 for purposes of rebuttal.

7        VFI REQUEST FOR PRODUCTION #35 - #37: GRANTED

8        The parties agreed to use the Model ESI Agreement. Plaintiff must disclose the

9 custodians and the search terms or, if there was an alternative basis for the methodology, that

10 basis must be disclosed. Claims of privilege may not be made without an accompanying log

11 properly identifying the document, maker, recipients, date created, and the basis for the claim of

12 privilege. Plaintiff has seven days from the date of this order to respond.

13        VFI REQUEST FOR PRODUCTION #38 - #40: GRANTED

14        Relevance is not for Plaintiff to decide and withhold unilaterally. Plaintiff is ordered to

15 respond within seven days from the date of this order or provide an adequate privilege log.

16        VFI INTERROGATORY #3: GRANTED

17        Plaintiff is ordered to respond within seven days of the date of this order, amending its

18 current response to include each and _every_ product which it has a bona fide intent to use in

19 connection with its mark.

20        VFI INTERROGATORY #4: GRANTED

21        Plaintiff is ordered to respond within seven days of the date of this order, amending its

22 current response to identify the circumstances surrounding the selection and adoption of its

23

24

marks, including identification of the person who first suggested using the mark.  Anything withheld on the basis of privilege must be identified by means of a privilege log.

VFI REQUEST FOR PRODUCTION #31- #32: GRANTED

Plaintiff must respond, providing all documents responsive to the RFP or, at a minimum, its reports in QuickBooks.

Defendants have requested reasonable fees for the time spent preparing the LCR 37 joint submission.  Plaintiff's initial responses were insubstantial, failed to conform to its agreements to abide by the model ESI protocol, and relied on claims of privilege without the preparation of a privilege log, thus necessitating the preparation of this submission.  Defendants are entitled to reasonable attorneys' fees for the time spent in preparation of the submission (but not any time expended meeting and conferring with opposing counsel).

Defendants are directed to prepare affidavits and evidence of the time so expended, and to file the same with the Court within seven days of this order.  Plaintiff will have seven days after submission of Defendants' fee request to respond, if deemed necessary.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 1, 2019.

_____
Marsha J. Pechman
United States Senior District Judge