Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

QUALITY PRODUCTS, INC., a California corporation,,

Plaintiff,

v.

VERKA FOOD PRODUCTS LTD., a Canadian company; GAGANDEEP SINGH MATTA, an individual, VERKA FOOD INTERNATIONAL LTD., a Canadian company; and DOES 1 through 10, inclusive,

Defendants.

NO. 2:17-cv-01418-MJP

JUDGMENT

Upon consent of Plaintiff Quality Products, Inc.'s ("Quality Products" or "Plaintiff") and Defendants Verka Food Products, Ltd. ("VFP"), Gagandeep Singh Matta ("Matta"), and Verka Food International, Ltd. ("VFI") (collectively "Defendants") and as part of the resolution of all claims asserted in this action between them and pursuant to their Stipulation for Final Judgment and separate written Settlement Agreement, the Court makes the following findings of fact and conclusions of law.

1. Quality Products is the owner of the VERKA, VERKA DAHI and VERKA PANEER trademarks (collectively, the "VERKA Marks"):

    a. No. 4,438,391 for the VERKA mark in IC 029 and 030;

    b. No. 3,135,724 for the VERKA mark in IC 029 (incontestable);

JUDGMENT – 1
(2:17-cv-01418-MJP)

        c. No. 2,810,753 for the VERKA PANEER mark in IC 029 (incontestable);

        d. No. 2,899,544 for the VERKA DAHI mark in IC 029 (incontestable)

2. Quality Products has used the VERKA and VERKA PANEER marks in commerce since at least 2002, and its VERKA DAHI mark since at least 2003 to market its food, and more recently non-food, products. Quality Products' use has been substantially continuous and exclusive.

3. Beginning in late 2016, Verka Food International, Ltd., owned by Gagandeep Singh Matta began to sell products in the United States that included a trademark bearing the "Verka" name (the "VFI Verka Mark"). Quality Products filed this action as a result of this conduct.

4. The parties waive the right to appeal the entry of this Judgment or contest the validity of any clause, term, or provision herein in any subsequent proceeding.

5. The parties have agreed to the entry of a Final Judgment and Injunction pursuant to a Settlement Agreement and stipulation.

Accordingly, the Court hereby ORDERS, ADJUDGES AND DECREES:

### Injunction

6. The Defendants and their respective current and future subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them or individuals within any Defendant's control (collectively, "Defendants") are permanently enjoined and ordered as follows:

    a. Defendants are prohibited from:

        i. directly or indirectly using the VERKA Mark, terms, trade dress, or logos in the United States or its territories;

        ii. using, applying for, or registering any mark, trade name, and/or service mark, that contains any portion of the VERKA Marks in the United States or its territories;

|  |  | iii. | representing, or suggesting in any fashion, on their websites, in any sales representations, or otherwise, that they are in any way affiliated or associated with, Quality Products, or that any of their products or are in any way affiliated or associated with Quality Products; |
|  |  | iv. | using, applying for, or registering any designation, term, trademark, logo, trade name, and/or service mark in the United States or its territories that is confusingly similar to the VERKA Marks or otherwise is in any manner likely to confuse consumers as to their association, affiliation or sponsorship with or by Quality Products. |

      b.      Defendants will never oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of Quality Products' trademarks ("Intellectual Property") that exist at the time of this Agreement, or assist, support, or encourage others to oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of Quality Products' Intellectual Property.

      7.      Subject to paragraph 6(a), nothing in this judgment and injunction shall be construed to preclude Defendants from using, applying for, or registering any mark, trade name, and/or service mark that does not contain the word "verka." Plaintiff and its respective current and future officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them or individuals within any Plaintiff's control (collectively, "Plaintiff") is permanently enjoined and ordered as follows:

      a.      Plaintiff is prohibited from:

            i.  directly or indirectly using the VERKA Mark, terms, trade dress, or logos in Canada;

            ii.  using, applying for, or registering any mark, trade name, and/or service mark, that contains any portion of the VERKA Marks in Canada;

     iii. representing, or suggesting in any fashion, on their websites, in any sales representations, or otherwise, that they are in any way affiliated or associated with, VFI, or that any of their products or are in any way affiliated or associated with VFI;

     iv. using, applying for, or registering any designation, term, trademark, logo, trade name, and/or service mark in Canada that is confusingly similar to the VERKA Marks or otherwise is in any manner likely to confuse consumers as to their association, affiliation or sponsorship with or by VFI.

  b. Plaintiff will never, at any time after the Effective Date and through the end of time, whether acting alone or with or through other persons or entities, and regardless of whether acting on its own behalf or on behalf of others, oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of Defendants' trademarks in Canada that exist at the time of this Agreement, or assist, support, or encourage others to oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of Defendants' trademarks.

  c. Plaintiff waives its right to appeal the Judgment/Injunction and agrees that it will never attack, challenge or contest its enforceability or validity, or the enforceability or validity of any of its terms, in any subsequent proceeding.

**Notification to Customers**

  8. It is further stipulated and ORDERED that the Parties shall notify any existing customers (including wholesalers, resellers, or distributors) in writing that they are not permitted to sell the Parties' products bearing a VERKA Mark or VFI Verka Mark in a country or territory where that party has been enjoined from selling such products. For any future customers (including wholesalers, resellers, or distributors) the Parties agree to include in any agreements or contracts a clause providing that the customer is not permitted to sell the Parties'

JUDGMENT – 4
(2:17-cv-01418-MJP)

products bearing a VERKA Mark or VFI Verka Mark in a country or territory where that party has been enjoined from selling such products, or, if inclusion in the contract is not possible despite the Parties' best efforts, to inform the future customer in writing.

**Jurisdiction and Retention of Same**

9. All parties consent to the jurisdiction of the Northern District of California and waive any and all arguments or challenges as to (i) the jurisdiction of that Court, or (ii) the enforceability of this injunction in other jurisdictions.

10. Quality Products dismisses Doe defendants 1 through 10 without prejudice. The Northern District of California shall have jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Order.

11. The Court finds that this stipulation of the Parties includes a waiver of the right to appeal the entry of this Order and a waiver of the right to contest the validity of any clause, term, or provision herein in any subsequent proceeding, and enters the Order on that basis; provided, however, that if for any reason any clause, term, or provision herein is deemed unlawful or invalid, the remaining clauses, terms and provisions shall remain in full force and effect.

**Attorneys' Fees and Costs**

12. Plaintiffs and Defendants shall bear their own attorneys' fees and costs incurred in this matter.

DATED this _22nd_ day of May, 2019.

_____
Marsha J. Pechman
United States Senior District Judge

JUDGMENT – 5
(2:17-cv-01418-MJP)